**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: 310-356-4668
Facsimile: 310-388-1232

Jason M. Drangel
jdrangel@ipcounselors.com
Ashly E. Sands
asands@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391
*Pro Hac Vice Applications Forthcoming*

Attorneys for Plaintiff,
Happy Ashley Ltd.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAPPY ASHLEY LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALL ACCESS APPAREL, INC., <br><br> Defendants. | CASE NO.: 2:20-cv-9702 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Happy Ashley Ltd. ("Plaintiff" or "Happy Ashley"), by and through its undersigned counsel, files this Original Complaint against Defendant All Access Apparel, Inc. ("Defendant" or "All Access"), and respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* for a declaratory judgement of non-infringement of Defendants' SELF ESTEEM trademark(s) (the "Action"). Plaintiff seeks a declaration that its use of the term "Self Esteem" as part of an ornamental design on certain articles of clothing does not infringe Defendant's rights in their SELF ESTEEM trademark(s).

2. This action arises out of All Access' demands that Happy Ashley and its retail partners cease and desist from selling certain articles of clothing, namely the Ashley Williams branded line of clothing (as defined *infra*) containing the stylized phrase "Self Esteem" (hereinafter, "AW Design").

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction over the claim asserted in this Action pursuant to 15 U.S.C. § 1051, *et seq*. and 28 U.S.C. §§ 1331 and 1338(a) as an action arising under the Lanham Act as well as pursuant to 28 U.S.C. § 2201-02 as a claim that arises out of the Declaratory Judgment Act and an actual case or controversy exists between Happy Ashley and All Access.

4. Personal jurisdiction exists over Defendant because, upon information and belief, Defendant is located, and/or conduct business, in California and in this judicial district, and/or otherwise avails itself of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

5. Venue is proper within this judicial district under, *inter alia*, 28 U.S.C. § 1400, given that Defendant regularly conducts business in this judicial district

## THE PARTIES

6. Plaintiff is a limited liability company organized under the laws of the

1  United Kingdom with a principal place of business at Hds Studio 41 Hackney Downs
2  Studios, Amhurst Terrace, London, E8 2BT, United Kingdom.

3        7.     Upon information and belief, Defendant is a California corporation with its
4  principal place of business at 1515 Gage Road, Montebello, California 90640.

## GENERAL ALLEGATIONS

6        8.     Plaintiff is the owner of the eccentric womenswear brand, "Ashley
7  Williams" (the "AW Brand").

8        9.     The self-named AW Brand is designed by young designer Ashley Williams
9  who, just three (3) years after her graduation in fashion design from The University of
10 Westminster in June 2012 debuted her first solo runway collection in Spring 2015.

11      10.    The AW Brand is known as an eccentric amalgam of millennial pop culture
12 iconography, kitschy nostalgia, and inimitably British charm.

13      11.    The AW Brand consists of distinctive pieces adorned with graphic patterns
14 and common terms/phrases such as those shown directly below.



12. Plaintiff sells its AW Brand, through high-end online and brick-and-mortar retailers including Nordstrom, Selfridges and Kith, among others.

13. Additionally, Plaintiff sells its AW Brand directly through Plaintiff's website, available at www.ashleywilliamslondon.com.

14. In the Spring of 2020, Plaintiff sold a few hundred units of clothing bearing the AW Design. True and correct images of articles of clothing bearing the AW Design are depicted below.



15. Upon information and belief, Defendant distributes apparel under the brand name, SELF ESTEEM.

16. Upon information and belief, Defendant is the owner of U.S. Registration Nos. 3,944,192 and 2,872,195 for SELF ESTEEM for a variety of goods in Class 25 ("SELF ESTEEM Marks"). A true and correct copy of the foregoing registrations are attached hereto as **EXHIBIT A**.

17. By letter dated May 15, 2020, counsel for Defendant wrote to Plaintiff claiming that Plaintiff's promotion and sale of the AW Design constituted trademark infringement of the SELF ESTEEM Marks, false advertising, passing off, and unfair competition.

18. Since at least as early as August of 2020, and on numerous occasions thereafter, Defendant has threatened that it will file a lawsuit against Plaintiff and all of its retail customers.

19. During several phone calls and correspondence with counsel for Defendant, Plaintiff's counsel has explained that the reasons why the AW Design does not infringe upon any of the claimed rights in the SELF ESTEEM Marks and that there is no likelihood of confusion between the AW Designs and the SELF ESTEEM Marks and/or Defendants. Among other reasons, counsel for Plaintiff explained that the AW Design is merely ornamental, and is not used as an indicia of source, and therefore, typical purchasers would not associate the AW Design with Defendants. Subsequent attempts to resolve the matter were unsuccessful.

20. Despite Plaintiff's explanations, on or about October 20, 2020, counsel for Defendant reiterated that Defendant would file a lawsuit in the United States and elsewhere if its settlement demands were not imminently met.

21. Defendant's repeated allegations that Happy Ashley has infringed the SELF ESTEEM Marks and engaged in false advertising, passing off, and unfair competition through its offering for sale and sales of the AW Designs, demands that Happy Ashley stop selling the AW Design and threats of litigation created a reasonable

apprehension of litigation, and accordingly, there exists a substantial, justiciable and actual case and controversy between the parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in this instance. Such accusations have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§2201-02.

22. Happy Ashley's use of the term "Self Esteem" was merely an element of an ornamental design that consumers would not likely perceive as an indicia of origin, does not constitute a "trademark use," and is not likely to cause confusion or deception among the purchasing public.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement the SELF ESTEEM Marks and No False Advertising, Passing Off or Unfair Competition)

1. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

2. Defendant has repeatedly claimed that Happy Ashley's offering for sale and sale of certain articles of clothing bearing the AW Design constitutes federal and common law trademark infringement, false advertising, passing off, and unfair competition and, under a repeated threat of litigation against Plaintiff and its retail customers, demanded that Happy Ashley cease selling clothing bearing the AW Designs in United States and elsewhere, among other egregious settlement demands.

3. An actual, present, and justiciable case and controversy exists between Happy Ashley and Defendant concerning Happy Ashley's use of the term "Self Esteem" in connection with certain articles of clothing bearing the AW Design.

4. The AW Design does not infringe any alleged trademark rights held by Defendant.

5. There is no likelihood of consumer confusion as to source, affiliation, sponsorship, or connection with Defendant that is caused by Happy Ashley's sale of the certain articles of clothing bearing the AW Design.

6. Happy Ashley is entitled to judgment declaring that its AW Design is not infringing and has not infringed, the SELF ESTEEM Marks and that Happy Ashley is not liable for infringing the SELF ESTEEM Marks under the Lanham Act or California state common law.

7. Happy Ashley is entitled to judgment declaring there is no likelihood of confusion as between the Defendant's SELF ESTEEM Marks on one hand, and Plaintiff's AW Design on the other.

8. Happy Ashley is entitled to judgment declaring that the AW Design is not likely to cause confusion as to the source, affiliation, or sponsorship of Happy Ashley's goods with those of Defendant.

9. Happy Ashley is entitled to judgment declaring that Plaintiff's sale of clothing bearing the AW Design does not constitute false advertising, passing off or unfair competition under the Lanham Act or under California state common law.

10. Happy Ashley is entitled to judgment declaring that Defendant has not, and will not, suffer any damages or loss of goodwill as a result of Plaintiff's sale of clothing bearing the AW Design.

11. Happy Ashley is entitled to judgment declaring that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125 or the common law of the State of California.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, Plaintiff respectfully requests that this Court:

A. Enter a judgment declaring that Plaintiff's, and Plaintiff's retailer's, conduct, including marketing and sale of clothing bearing the AW Design does not constitute trademark infringement, false advertising, passing off or unfair competition under the Lanham Act or California State law;

B. Enter a judgment declaring that Defendant is not entitled to any injunctive relief with respect to Plaintiff's or Plaintiff's retailer's sale of clothing bearing the AW Design;

C. Enter a judgment declaring that Defendant has not and will not suffer any harm or damages, and thus is not entitled to any relief under the Lanham Act or under California State law;

D. Enter a judgment declaring that Plaintiff and Plaintiff's retailers are entitled to sell clothing bearing Plaintiff's AW Design;

E. Enter a judgment declaring that that Defendant and its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with it be permanently enjoined from interfering with, or threatening to interfere with, the sale or advertisement of Plaintiff's clothing bearing the AW Design.

F. Award Plaintiff its reasonable attorneys' fees;

G. Award Plaintiff all costs of suit; and

H. Grant Plaintiff any such other and further relief that the Court may deem just and equitable.

DATED: October 22, 2020          **EPSTEIN DRANGEL LLP**

By: s/ Peter J. Farnese
    Peter J. Farnese

Jason M. Drangel
jdrangel@ipcounselors.com
Ashly E. Sands
asands@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391
*Pro Hac Vice Applications Forthcoming*

Attorneys for Plaintiff,
Happy Ashley Ltd.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

DATED: October 22, 2020

**EPSTEIN DRANGEL LLP**

By: s/ Peter J. Farnese
    Peter J. Farnese

Jason M. Drangel
jdrangel@ipcounselors.com
Ashly E. Sands
asands@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391
*Pro Hac Vice Applications Forthcoming*

Attorneys for Plaintiff,
Happy Ashley Ltd.

EPSTEIN DRANGEL LLP
LOS ANGELES

-8-
COMPLAINT