Jeffrey A. Kobulnick - Bar No. 228299
Mark D. Brutzkus - Bar No. 128102
Michael A. Bernet - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile: (818) 827-9099
Email:      jkobulnick@bg.law
            mbrutzkus@bg.law
            mbernet@bg.law

Attorneys for Defendant and Counter-Claimant,
ALL ACCESS APPAREL, INC.

Peter J. Farnese – Bar No. 251204
EPSTEIN DRANGEL LLP
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone (310) 356-4668
Facsimile: (310) 388-1232
Email:      pfarnese@ipcounselors.com

ASHLY E. SANDS (*Pro hac vice*)
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
Email:      asands@ipcounselors.com

Attorneys for Plaintiff and Counter-Defendant,
HAPPY ASHLEY LTD.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAPPY ASHLEY LTD., <br><br>          Plaintiff, <br><br> v. <br><br> ALL ACCESS APPAREL, INC., <br><br>          Defendant. | Case No. 2:20-cv-09702-DMG-SK <br><br> **STIPULATION TO PLACE CASE ON INACTIVE STATUS** <br><br> *[Proposed Order Filed Concurrently Herewith]* <br><br> Judge:     Honorable Dolly M. Gee |

Plaintiff and Counter-Defendant HAPPY ASHLEY LTD. ("Plaintiff") and Defendant and Counter-Claimant ALL ACCESS APPAREL, INC. ("Defendant") (collectively, the "Parties"), through their undersigned counsel of record, hereby stipulate as follows:

WHEREAS, the Parties finalized the terms of a written settlement agreement ("Agreement") on or about July 29, 2021, fully resolving all claims and counterclaims in this action, with each of the Parties to bear its own respective attorneys' fees and costs, and without any prevailing party;

WHEREAS, the Agreement contains conditions ("Settlement Conditions") that are expected be fully completed by no later than January 7, 2022;

WHEREAS, the Parties agree that in light of the Agreement, and in order to avoid the unnecessary expenditure of time and resources by their counsel and the Court, it is in the best interests of the Parties and the Court to place this action on inactive status until the earlier of January 7, 2022 or such time when the Parties jointly inform the Court that the Settlement Conditions have been fulfilled;

WHEREAS, the Parties agree that the Court should retain jurisdiction over the Parties and this action, as may be necessary in order to enforce the terms of the Agreement;

WHEREAS, the Parties agree that in the event this action is restored to active status, as the result of a request filed by one or more of the Parties prior to January 7, 2022, the Court should reset all dates and deadlines in this action, including but not limited to the deadline to amend pleadings and add parties;

WHEREAS, the Parties further agree that in the event this action is restored to active status, Plaintiff's principal, Ms. Ashley Williams, may be added as a party in this case;

WHEREAS, Plaintiff's counsel represents that Ms. Williams has consented to the personal jurisdiction of this Court for the purpose of being added as a party to this action;

WHEREAS, Plaintiff's counsel represents that it has been authorized by Ms. Williams to accept service of all pleadings in this action on her behalf;

WHEREFORE, the Parties hereby stipulate, subject to the Court's approval, as follows:

1. This action shall be placed on inactive status until the earlier of January 7, 2022 or such time when the Parties jointly inform the Court that the Settlement Conditions have been fulfilled;

2. Should the Parties jointly inform the Court that the Settlement Conditions have been fulfilled prior to January 7, 2022, this action shall be immediately dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) upon receipt of such notice, with each of the Parties to bear its own attorneys' fees and costs;

3. Absent receipt of notice that the Settlement Conditions have been fulfilled prior to January 7, 2022, so long as none of the Parties files a request prior to January 7, 2022 to reactivate this case, this case shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on January 7, 2022, with each of the Parties to bear its own attorneys' fees and costs;

4. The Court shall retain jurisdiction over the Parties and this action, as may be necessary in order to enforce the terms of the Agreement;

5. In the event this action is restored to active status, as the result of a request filed by one or more of the Parties prior to January 7, 2022, the Court shall reset all dates and deadlines in this action, including but not limited to the deadlines to amend pleadings and add parties; and

6. In the event this action is restored to active status, Plaintiff's principal, Ms. Williams, may be added as a party in this action.

IT IS SO STIPULATED.

A [Proposed] Order is being submitted concurrently herewith.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 10, 2021 | BRUTZKUS GUBNER |
| 3 | | By: /s/ Jeffrey A. Kobulnick |
| 4 | | JEFFREY A. KOBULNICK |
| 5 | | Attorneys for Defendant, ALL ACCESS APPAREL, INC. |
| 6 | | |
| 7 | Dated:  August 10, 2021 | EPSTEIN DRANGEL LLP |
| 8 | | By: /s/ Peter J. Farnese |
| 9 | | PETER J. FARNESE |
| 10 | | Attorneys for Plaintiff, HAPPY ASHLEY LTD. |

The undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated:  August 10, 2021        BRUTZKUS GUBNER

                               By: /s/ Jeffrey A. Kobulnick
                                   JEFFREY A. KOBULNICK
                               Attorneys for Defendant, ALL ACCESS
                               APPAREL, INC.